IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA COLON-MARRERO; JOSEFINA ROMAGUERA-AGRAIT<br><br>Plaintiffs<br><br>vs<br><br>HECTOR CONTY-PEREZ, as President of the Puerto Rico State Elections; EDWIN MUNDO-RIOS, as Electoral Commissioner of the New Progressive Party; EDER E. ORTIZ-ORTIZ, as Electoral Commissioner of the Popular Democratic Party; ROBERTO I. APONTE-BERRIOS, as Electoral Commissioner of the Puerto Rican Independence Party; JULIO FONTANET-MALDONADO, as Electoral Commissioner of the Movimiento Unión Soberanista; ADRIAN DIAZ-DIAZ, as Electoral Commissioner of Puertorriqueños por Puerto Rico; LILLIAN APONTE-DONES, as Electoral Commissioner of Partido del Pueblo Trabajador<br><br>Defendants | CIVIL 12-1749CCC |

**MEMORANDUM OPINION DECLARING RIGHTS
AND GRANTING EQUITABLE RELIEF**

Plaintiff Myrna Colón-Marrero filed this action against the President and Commissioners of Puerto Rico's State Elections Commission (SEC) for removing her from the Puerto Rico electoral register because she did not vote in the 2008 election for Resident Commissioner. Colón-Marrero contends that their action violated the National Voter Registration Act of 1993 (NVRA),the Help America Vote Act of 2002 (HAVA), and the First Amendment, Due

CIVIL 12-1749CCC                    2

Process and Equal Protection clauses of the United States Constitution.  The action was filed on September 12, 2012.  Romaguera-Agrait joined in the Amended Complaint (docket entry 19).  Plaintiffs and similarly-situated voters have generally been referred to as "I-8's."

## I.    PROCEDURAL BACKGROUND AND FINDINGS OF FACT

Plaintiffs ask the Court to declare Article 6.012 of the Puerto Rico Electoral Law unlawful which provides, in pertinent part:  "**If an elector fails to vote in a general election, his registration or filing shall be deactivated from the General Registry of Voters**," (translation ours).  They claim this statute contravenes the provisions of NVRA and HAVA.  NVRA provides that:

> any State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal Office . . . **shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote, [unless the person] . . . has not voted or appeared to vote in 2 or more consecutive general elections for Federal office**.  (Emphasis ours.)

42 U.S.C. §§ 1973gg-6(b)(1)(2)(B).  The election for the federal office of Resident Commissioner[1] is traditionally contained on the same ballot as that for the election of Puerto Rico's governor, creating an antagonism between these two terms of the laws.

Plaintiffs also asked the Court to enjoin the SEC defendants from holding any future electoral event concerning a federal office until such time as their acts  and conduct conform to the voter registration and list maintenance provisions of NVRA, HAVA and the Constitution; that defendants be ordered

---

[1]42 U.S.C. § 1973ff-6(3) defines "federal office" as including Resident Commissioner. See also Igartúa-de La Rosa v. U.S., 32 F.3d 8 (1st Cir. 1994).

CIVIL 12-1749CCC                        3

to immediately reactivate plaintiffs and other similarly situated persons as registered voters in the General Registry of Voters entitled to vote in the 2012 election for federal office, and other subsidiary remedies.

Colón-Marrero's Motion for a Preliminary Injunction was denied by the Court (docket entry 11) upon finding that she had offered no justification for waiting until four days before expiration of the voter registration deadline in Puerto Rico to seek a preliminary injunction ordering defendants to immediately activate her and all other similarly situated persons as registered voters in the general registry of voters entitled to vote in the upcoming election for Resident Commissioner.  It also requested an order that SEC defendants immediately and individually contact all persons who were removed from the general registry of voters for failure to vote in the 2008 elections.  The Court further found that the irreparable injury claimed was created by plaintiff's own conduct and was essentially self-inflicted for she had had the opportunity to timely submit her claims and seek a remedy without injury to her voting rights yet failed to do so.

On appeal, the Court of Appeals for the First Circuit, in an order dated October 11, 2012 (docket entry 26), retained jurisdiction while remanding the case for an evidentiary hearing on the feasibility of granting the injunctive relief requested, specifically of permitting the voters who had been deactivated for failure to vote in the 2008 elections to vote in the November 6, 2012 general election. Following a hearing held on October 15, 2012, this Court certified its findings to the Court of Appeals two days later.  The latter affirmed the denial of the motion due to the untimeliness of the relief requested. (Docket entries 67 and 89).   The merits of the constitutional challenge remained pending adjudication before this District Court.

CIVIL 12-1749CCC                              4

Meanwhile, Edwin Mundo-Ríos (Mundo), in his capacity as Electoral Commissioner of the New Progressive Party, filed on the eve of the 2012 elections a parallel lawsuit in the Puerto Rico courts against the State Elections Commission and the other commissioners, CT-2012-20.  While this federal lawsuit was pending adjudication on the merits on November 1, 2012, the Supreme Court of Puerto Rico issued a Resolution in the Commonwealth case that raised the following point:

> . . . no voter appearing in the list of excluded voters may vote in a polling station for those  added by hand without  presenting an authorization issued by the SEC itself.  It is not sufficient for an excluded voter to appear to vote without official evidence that he is entitled to do so.  **Voting added by hand without the right to do so constitutes a felony in the fourth degree that entails as a penalty a fixed term of three years of jail.**  See, Art. 12.023 of the Electoral Code, supra, sec. 4253; Art. 307 of the Penal Code of 2012, Law No. 148-2012, 33 L.P.R.A. sec. ____.

(Our emphasis)

Plaintiffs then filed Motions for Emergency Order (docket entries 69 and 75) on November 1 and 2, 2012 arguing that NPP Electoral Commissioner Mundo was requesting the Supreme Court of the Commonwealth of Puerto Rico to order the President of the SEC to send the list of inactive voters or I-8's to every electoral unit for the purpose of "tagging them for possible fraud and prosecution," should they attempt to vote. Id, at 2.  We then entered our Order to Preserve the Court's Jurisdiction Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (docket entry 79), quoting U.S. v. New York Tel. Co., 434 U.S. 159, 174 (1977), where the U.S. Supreme Court, referring to the All Writs Act observed that "**the power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a Court order or the proper administration of**

CIVIL 12-1749CCC                    5

**justice**."  Also cited in that order were lower courts which had expressed themselves on the role of the Act as an instrument to be used against those who would undermine the court's power to bring a case to judgment.  We then concluded "an order is necessary, indeed required, under the Act at this critical stage of the proceedings precisely to protect this Court's power to bring the present litigation to its natural conclusion.  Let this be clear: the writ being issued is wholly unrelated and separate from the 'Acevedo Proposal' on the **feasibility** of reinstating the affected voters in time for the November 6 Election.  **That proposal was determined to be not feasible and this District Court is in no way attempting to resurrect it in contravention of the Court of Appeals' decision**.  Our writ does not contemplate the actual, immediate reactivation on November 6 of any I-8 voter, as proposed by Professor Acevedo.  What it does pursue is to preserve the power and authority of the Court to decide the merits of the plaintiffs' First Amendment and HAVA claims, raised since the inception of this lawsuit and which are the object of the Court's ultimate resolution, after full briefing and argument."  That order resulted in another go-round of motions and an interlocutory appeal, the end result of which was the Court of Appeals for the First Circuit's decision that NRVA did not apply to Puerto Rico.  See Colón-Marrero v. Conty-Pérez, 703 F.3d 134, 137 (1st Cir. 2012).  By then it was too late to create a remedy in time for the 2008 general election in Puerto Rico and the I-8 voters did not cast their votes.  We now address the merits of the plaintiffs' Motion for Declaratory Judgment filed on May 30, 2014 (**docket entry 145**).

## II.    CONCLUSIONS OF LAW

Post-2012 election, the NPP and the PDP Electoral Commissioners (docket entries 142 and 143) have both adopted the position of the plaintiffs,

CIVIL 12-1749CCC                              6

while only the current President of the SEC, defendant González-Román, still opposes plaintiffs' request for relief (docket entry 147).  The only remaining issue before the Court turns on whether Article 6.012 of the Electoral Law of 2012 violates the other federal law in play:  HAVA.

HAVA expressly includes Puerto Rico in its definition of "State."  See 42 U.S.C. § 15541, and the parties do **not** dispute its applicability to Puerto Rico.  Section 303 of HAVA, 42 U.S.C. § 15483, prescribes the requirements that must be met by the voter registration systems used by the states in elections where a federal office is on the ballot.

This section of HAVA, 42 U.S.C. § 15483(a)(4)(A), addresses the deactivation of voters from the registration lists for not voting:

> The State election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly, including the following:
>
> (A) A system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters. **Under such system, consistent with the National Voter Registration Act of 1993 (42 U.S.C. § 1973gg et seq.), registrants who have not responded to a notice and who have not voted in 2 consecutive general elections for Federal office shall be removed from the official list of eligible voters except that no registrant may be removed solely by reason of a failure to vote**.

(Our emphasis.)

Relying on Colón-Marrero, *supra*, defendant SEC's current President, nonetheless,   repetitively and emphatically argues that HAVA cannot incorporate a provision of NVRA because NVRA does not apply to Puerto Rico. However, this section of HAVA expressly notes that "**consistent with the National Voter Registration Act of 1993 (42 U.S.C. § 1973gg et seq.), registrants who have not responded to a notice and who have not voted in 2 consecutive general elections for Federal office shall be removed**

CIVIL 12-1749CCC                              7

**from the official list of eligible voters except that no registrant may be removed solely by reason of a failure to vote**."[2]   The provision is <u>not</u> incorporated by a simple reference to NVRA, leaving it to the reader to refer to that law to determine its contents.  The term of absence from voting **in two consecutive** general  elections for Federal office is explicitly set forth in the HAVA paragraph, as opposed to Article 6.012, 16 L.P.R.A. § 4072, which, as noted above, provides that an elector who fails to vote in a **single** general election shall be deactivated in  the voter registry.

In sum, the Court finds that Article 6.012of Puerto Rico's Electoral Law, by providing for deactivation of an elector's right to vote for having failed to vote in one general election, violates the two consecutive election and notice requirement for voter removal from the official list of eligible voters under HAVA.  Accordingly the term provided in HAVA with regard to election of federal officers prevails.[3]  Moreover, inasmuch as Puerto Rico has a single voter registration system, not two, the provision set forth in HAVA necessarily regulates the registration lists for the general elections in Puerto Rico, which always include the election for the Resident Commissioner as an integral part of the general election process.   <u>See</u> <u>Colón-Marrero v. Conty-Pérez</u>, 703 F.3d 134, 137 (1st Cir. 2012), Torruella dissenting.

_____

[2]Webster's Third New International Dictionary, 1976 Ed., defines the word "consistent" as used here as 2(b)-"marked by agreement and concord: coexisting and showing no noteworthy opposing, conflicting or contradictory qualities or trends: compatible.

[3]As stated by the First Circuit Court in <u>Colón-Marrero</u>, *supra*, at 138:

> The express inclusion of Puerto Rico within HAVA's definition of "State," <u>see</u> 42 U.S.C. § 15441, together with a sensible reading of that statute's relevant substantive provision, <u>see</u> <u>id</u>. Sec. 15483(a)(4)(A, persuaded us that plaintiff had established a likelihood of success on her federal election claim under HAVA.

(Footnote omitted).

CIVIL 12-1749CCC                          8

It is ORDERED, ADJUDGED and DECLARED that the SEC is permanently enjoined from removing from the official list of eligible voters any registrant who did not vote in a single general election.

It is further ORDERED, ADJUDGED and DECLARED that the SEC is affirmatively ordered that no lawfully registered voter may be removed from the official list of eligible voters unless they have not voted in the two immediately preceding elections and have received and have been given notice of an intent to remove them from such list.   This declaratory judgment deflates the obstructive impact on voting rights brought about by Article 6.012, 16 L.P.R.A. § 4072 of Puerto Rico's Electoral Law.  It serves as a reminder to those who forgot that voters are the feeders of democracy.  Despite the attempts to criminalize them, I-8's sowed the seeds of democracy.

SO ORDERED.

At San Juan, Puerto Rico, on June 4, 2015.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge