IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MYRNA COLON-MARRERO; JOSEFINA ROMAGUERA-AGRAIT<br><br>Plaintiffs<br><br>Vs<br><br>HECTOR CONTY-PEREZ, as President of the Puerto Rico State Elections; EDWIN MUNDO-RIOS, as Electoral Commissioner of the New Progressive Party; EDER E. ORTIZ-ORTIZ, as Electoral Commissioner of the Popular Democratic Party; ROBERTO I. APONTE-BERRIOS, as Electoral Commissioner of the Puerto Rican Independence Party; JULIO FONTANET-MALDONADO, as Electoral Commissioner of the Movimiento Unión Soberanista; ADRIAN DIAZ-DIAZ, as Electoral Commissioner of Puertorriqueños por Puerto Rico; LILLIAN APONTE-DONES, as Electoral Commissioner of Partido del Pueblo Trabajador<br><br>Defendants<br><br>vs<br><br>NORMAN PARKHURST; JOHN E. MUDD<br><br>Intervenor Defendants | CIVIL 12-1749CCC |

**MEMORANDUM ORDER AND OPINION**

Before the Court is a Motion for Attorneys' Fees and Costs (**d.e. 174**) filed by plaintiffs Myrna Colon-Marrero and Josefina Romaguera Agrait,

defendant Liza M. Garcia-Velez's timely opposition (d.e. 77) and plaintiffs' Reply (179-1).  In their petition for attorneys' fees (d.e. 174), plaintiffs request the Court to grant attorneys' fees and related litigation expenses for the professional work done by their counsel in the instant case.  Defendants contend that the amount of fees sought by plaintiffs is unreasonable and excessive.  (d.e. 177).

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On September 12, 2012, plaintiffs filed a Complaint (d.e. 1) alleging that the President and the Electoral Commissioners of the Puerto Rico State Elections Commissions ("PRSEC") violated the National Voter Registration Act of 1993 ("NVRA"), the Help America Vote Act of 2002 ("HAVA"), and the First Amendment, Due Process and Equal Protection Clauses of the United States Constitution.  The specific claims for relief set forth in their Amended Complaint (d.e. 19), were for the Court to:

> issue the following equitable and declaratory relief under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02: (a) declaring Article 6.012 of the Puerto Rico Electoral Law, Law No. 78 of June 1, 2011, unlawful as contrary to the provisions of NVRA and HAVA; (b) enjoining the S[tate] E[lections] C[ommission] Defendants from holding any future electoral event concerning a federal office until such time as their acts and conduct comport to the voter registration and list maintenance provisions of NVRA, HAVA and the Constitution; (c) ordering Defendants to immediately activate the plaintiff and all other similarly situated person as registered voters in the General Registry of Voters entitled to vote in the upcoming election for federal office; (d) ordering the SEC Defendants to immediately and individually contact any and all persons who were removed from the General Registry of Voters because they did not vote in the 2008 elections; (e) order the SEC defendants as state officials in charge of implementing the electoral laws to abide by all the voter registration

and other applicable mandates of the NVRA, HAVA and the first, due process and equal protection amendments to the Constitution.

Amended Complaint (d.e. 19, p. 2). On June 4, 2015, an Amended Judgment (d.e. 161) was entered finding the following:

> - Article 6.012 of Puerto Rico's Electoral Law, by providing for deactivation of an elector's right to vote for having failed to vote in one general election, violates the two consecutive election and notice requirement for voter removal from the official list of eligible voters under the Help America Vote Act of 2002, 42 U.S.C. § 15483(a)(4(A);
> - the Puerto Rico State Elections Commission is permanently enjoined from removing from the official list of eligible voters any registrant who did not vote in a single general election;
> - the Puerto Rico State Elections Commission is affirmatively ordered that no lawfully registered voter may be removed from the official list of eligible voters unless they have not voted in the two immediately preceding elections and have received and have been given notice of an intent to remove them from such list.

On February 1, 2016, the Court of Appeals for the First Circuit affirmed this grant of declaratory and injunctive relief. (d.e. 169). Its formal mandate followed on February 23, 2016. (d.e. 171, d.e. 172). Plaintiffs seek an award of attorneys' fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988.

A total of four attorneys participated on plaintiffs' behalf.[1] The hourly fee schedule, invoices, and professional biographies of these attorneys have been considered. The following compensation is sought for each attorney: (1)

---

[1] According to the plaintiffs, attorney Charlie Hernández Lopez "was engaged as a legislator in the House of Representatives of the Commonwealth of Puerto Rico" and therefore "impeded by Puerto Rico law from receiving income for professional services outside that of legislator." (d.e. 174, p. 7).

Carlos A. Del Valle Cruz: $144,300.00; (2) Rafael García Rodón: $74,100.00; (3) Juan Saavedra Castro: $8,960.00.  (d.e. 174, pp. 9-10).

Defendants do not dispute the entitlement to attorneys' fees but contend: that the "hours claimed by these attorneys are unreasonable and excessive because the vast majority of these hours claimed in the schedule were spent during the portion of the proceeding dedicated to the claims and the relief sought under the NVRA, and as to that portion of the case, plaintiffs were clearly not the prevailing party"; that there are 9.25 hours charged by attorney Del Valle Cruz which should be deducted; and that the Court "should require a more specific statement of the time spent by attorney Rafael García Rodón on this portion of the case, and an explanation as to why that time was required in light of time spent by attorney Carlos Del Valle Cruz working on the same matter." (d.e. 177, pp. 2-4).  They oppose the proposed hourly fee of $330 per hour for time spent in court and $300 per hour for time spent out of court.  *Id.*

II.   **ATTORNEYS' FEES**

Under the so-called "American Rule," litigants must bear the cost of their attorneys' fees in the absence of explicit congressional authorization to the contrary.  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975).  Congress has authorized the award of attorneys' fees under 42 U.S.C. § 1988 for prevailing parties in §1983 cases.  42 U.S.C. § 1988.  "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).

Typically, achieving prevailing party status requires showing that plaintiffs succeeded on an important issue in the case, thereby gaining at least some benefit sought in bringing suit. *Hensley*, 461 U.S. at 433. "[A] plaintiff need not prevail on every claim and obtain all relief sought to qualify as a prevailing party." *Richardson v. Miller*, 279 F.3d 1, 3 (1st Cir. 2002). A plaintiff who achieves "prevailing party" status, may nevertheless be thwarted by special circumstances. *De Jesus Nazario v. Morris Rodriguez*, 554 F.3d 196, 200 (1st Cir. 2009).

### 1. Prevailing Party Status and Interconnected Claims

On January 30, 2015, Judgment was entered in favor of plaintiffs declaring that Article 6.012 of Puerto Rico's Electoral Law violates the two consecutive election and notice requirements for voter removal from the official list of eligible voters under HAVA. This judgment was affirmed by the First Circuit on February 1, 2016. It is clear that plaintiffs are a "prevailing party."

Defendants argue that "[p]laintiffs were the 'prevailing party' only as to their argument under HAVA" and, therefore, the Court should not consider the time spent by their attorneys on the claims and relief sought under the NVRA. (d.e. 177, pp. 2-3). This argument misconstrues the nature of the plaintiffs' voting rights claims. The First Circuit has consistently held that:

> Where, as here, plaintiffs have won a federal claim for which attorneys' fees are allowed to a prevailing party, the question becomes whether the claims on which they lost in the same suit were unrelated to the successful ones (in which event no fees may be awarded for work on the unsuccessful claims), or whether, instead, the losing claims included "a common core of facts," or were "based on related legal theories," linking them to the successful claim. In the latter event, the award may include compensation for legal work performed on the unsuccessful claims.

*Garrity v. Sununu*, 752 F.2d 727, 734 (1st Cir. 1984) (quoting *Hensley*, 461 U.S. at 435).

Neither this Court nor the Court of Appeals found for plaintiffs under the NVRA. However, the HAVA and NVRA claims are "interconnected." We noted in our Memorandum Opinion Declaring Rights and Granting Equitable Relief, under Conclusions of Law, the following:

> HAVA <u>expressly</u> includes Puerto Rico in its definition of "State." See 42 U.S.C. § 15541, and the parties do **not** dispute its applicability to Puerto Rico. Section 303 of HAVA, 42 U.S.C. § 15483, prescribes the requirements that must be met by the voter registration systems used by the states in elections where a federal office is on the ballot.
>
> This section of HAVA, 42 U.S.C. § 15483(a)(4)(A), addresses the deactivation of voters from the registration lists for not voting:
>
> The State election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly, including the following:
>
> (A) A system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters. **Under such system, <u>consistent with the National Voter Registration Act of 1993 (42 U.S.C. § 1973gg et seq.)</u>, registrants who have not responded to a notice and who have not voted in 2 consecutive general elections for Federal office shall be removed from the official list of eligible voters except that no registrant may be removed solely by reason of a failure to vote.**
>
> (Our emphasis.)
>
> Relying on Colón-Marrero, supra, defendant SEC's current President, nonetheless, repetitively and emphatically argues that HAVA cannot incorporate a provision of NVRA because NVRA does not apply to Puerto Rico. However, this section of HAVA expressly notes that **"<u>consistent with the National Voter Registration Act of 1993 (42 U.S.C. § 1973gg et seq.)</u>, registrants who have not responded to a notice and who have**

> **not voted in 2 consecutive general elections for Federal office shall be removed** from the official list of eligible voters except that no registrant may be removed solely by reason of a failure to vote." The provision is not incorporated by a simple reference to NVRA, leaving it to the reader to refer to that law to determine its contents. The term of absence from voting in two consecutive general elections for Federal office is explicitly set forth in the HAVA paragraph, as opposed to Article 6.012, 16 L.P.R.A. § 4072, which, as noted above, provides that an elector who fails to vote in a single general election shall be deactivated in the voter registry.

The Circuit Court also noted: "Under both NVRA and HAVA, registered voters retain eligibility to vote in a federal election unless they have failed to respond to a notice seeking to confirm eligible residency and have not voted in two consecutive general elections for federal office." *Colon-Marrero v. Velez*, 813 F.3d 1, 5 (1st Cir. 2016). Both NVRA and HAVA relate to voting and elections that were jointly transferred from Titles 2 and 42 into the new Title 52, which is labeled "Voting and Elections." *Id.* at fn. 5.

Moreover, "[w]hen interrelatedness is in question, the overall degree of the prevailing party's success is an important datum." *Lipsett v. Blanco*, 975 F.2d 934, 941 (1st Cir. 1992). The plaintiffs' success in this case not only entailed reactivation of thousands of voters, excluded from the electoral register of active voters for failing to vote in one general election, but also permanently barred the PRSEC from removing any lawfully registered voters from the official list of eligible voters unless they did not vote in two consecutive elections and were given notice of intent to remove. The lasting effect of the relief obtained is reflected in the Court's Memorandum Opinion Declaring Rights and Granting Equitable Relief:

> This declaratory judgment deflates the obstructive impact on voting rights brought about by Article 6.012, 16 L.P.R.A. § 4072 of Puerto Rico's Electoral Law. It serves as a reminder to those who

> forgot that voters are the feeders of democracy. Despite the attempts to criminalize them, I-8's sowed the seeds of democracy.

(d.e. 170, p. 8). Thus, the Court will compensate plaintiffs' attorneys for legal work performed on the claims and relief sought under the NVRA that were based on a common core of facts and related legal theories under HAVA. We turn now to the calculation of attorneys' fees.

### 2. Calculating Reasonable Attorneys' Fees

Generally, courts calculate fee awards using the "lodestar" method, which multiplies the number of hours reasonably spent by a reasonable hourly rate. *See Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). "In crafting its lodestar, the trial court may adjust the hours claimed to remove time that was unreasonably, unnecessarily or inefficiently devoted to the case, *id.*, and subject to principles of interconnectedness." *De Jesus Nazario*, 554 F.3d at 207. The lodestar calculation is presumptively reasonable, but may be adjusted in certain circumstances. *Spooner*, 644 F.3d. at 68.

In their Motion for Attorneys' Fees, plaintiffs request the following:

ATTORNEY DEL VALLE CRUZ

| | |
|---|---|
| 0 in court hours at $330: | N/A |
| 481 out of court hours at $300: | $144,300.00 |

**TOTAL**: $144,300

ATTORNEY GARCIA RODON

| | |
|---|---|
| 22 in court hours at $330: | $7,760.00[2] |
| 247 out of court hours at $300: | $74,100.00 |

**TOTAL**: $81,860.00

---

[2] We note that the calculation made by the plaintiffs in the Fee Schedule (d.e. 174-1) for in court fees for both counsel García Rodón and Saavedra Castro is incorrect. The correct amount is $7,260.00.

Case 3:12-cv-01749-CCC   Document 194   Filed 03/22/17   Page 9 of 20
CIVIL 12-1749CCC                                         9

ATTORNEY SAAVEDRA CASTRO

| | |
|---|---|
| 22 in court hours at $330: | $7,760.00 |
| 4 out of court hours at $300: | $1,200.00 |

**TOTAL**: $8,960.00

### a. Reasonable Hourly Rates

When determining reasonable hourly rates, courts will "tak[e] into account the 'prevailing rates in the community for comparably qualified attorneys.'" *Lipsett*, 975 F.2d at 937 (quoting *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 19 (1st Cir.1988)). Defendants object "to the proposed hourly fee of $330 per hour for time spent in court and of $300 per hour for time spent out court." (d.e. 177, pp. 4-5). They suggest instead a rate not to exceed $250.00 per hour but do not cite any authority or precedent to support their argument. In support of the rates used in calculating plaintiffs' fee application, plaintiffs submit CVs for counsel but do not submit affidavits as to the prevailing rates in the community.

Attorney Saavedra Castro completed his undergraduate studies at Yale University, and later attended Harvard Law School. He is admitted to practice law in New York and Puerto Rico and has over 30 years of trial and appellate experience. Attorney García Rodón graduated from Georgetown University and the University of Puerto Rico, School of Law. He is admitted to practice in Puerto Rico, the U.S. District Court for the District of Puerto Rico, and the U.S. Court of Appeals for the First Circuit. He has over 32 years of experience trying medical malpractice and First Amendment cases.

Attorney Del Valle Cruz has over 30 years of experience as a scholar and practitioner. He served as Dean of the Hostos Law School, professor of constitutional law, civil rights and federal jurisdiction, and has worked on

numerous constitutional and civil rights cases.  Del Valle Cruz received a bachelors from Colgate University, his law degree from George Washington University, a Masters degree from the New School for Social Research and is currently a Ph.D. candidate at the University of the Basque Country in Spain.

Plaintiffs submit a 2000 decision by this Court granting Saavedra and García Rodón attorneys' fees at a rate of $200 and $225 per hour, respectively.  *Hance v. Hospital San Francisco*, USDC-PR Civil No. 99-1510(JP).₃  Plaintiffs proffer that *Reyes Canada v. Rey Hernandez*, 411 F. Supp. 2d 53, 56 (D.P.R. 2006), aff'd *Martinez-Velez v. Rey-Hernandez*, 506 F.3d 32, 47 (1st Cir. 2007), and *Morales Feliciano v. Hernandez Colon*, 697 F. Supp. 51, 58 (D.P.R. 1988) support the proposed hourly rates of $330 for in court time and $300 for out of court time.  In *Reyes Canada*, the District Court awarded the top billing attorneys in the case $300 for in court time and $275 for out of court time.  The Court in *Morales Feliciano* determined that a $10-$20 increase every two years is appropriate in order to account for the accumulation of experience.  Based on the attorneys' experience, the prior awards granted and the current prevailing rates, the Court adopts as reasonable the proposed hourly rates of $330 for in court and $300 for out of court hours for all three attorneys.

### b. Number of Hours

To determine the number of reasonable hours that each of plaintiffs' attorneys should be paid for, the court should take the hours actually spent "and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary."  *Lipsett*, 975 F.2d at 937.  The Court has examined each of the invoiced items "to determine whether a

---

₃Attorney Del Valle Cruz does not have a prior award of attorneys' fees under § 1988.

reasonable number of hours was spent, given the nature of the task at hand and the results achieved" and for the presence of duplicity or unproductiveness. *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984).[4]

Plaintiffs' fee schedule is deficient in several respects: time billed is excessive and unnecessary, and entries are vague and fail to provide sufficient information. Based on a line by line review, the Court has assessed the invoiced time and reduced the amount in these instances:[5]

- Counsel Del Valle Cruz and García Rodón billed a total of 80.6 hours for time spent, prior to filing the instant case, for the review of statutory provisions and conducting research. An additional 60 hours were invoiced for the preparation and filing of the Complaint and Motion for Preliminary Injunction. Overall, on these tasks, plaintiffs spent 140.6 hours, for a total of $42,180. Considering that the Complaint is not grounded on complex legal issues and that the Motion for Preliminary Injunction essentially incorporates its allegations, the Court finds that the hours invoiced are so disproportionate to the task as to warrant a reduction of 50%, thereby reducing the amount by 70.3 hours and the fees to $21,090.[6]

- Attorneys Del Valle Cruz and García Rodón also invoiced a total of 16 hours for preparation and review of letters to the President of the PRSEC

---

[4]"The trial bench need not feel handcuffed by counsel's submission of time records, no matter how elaborate. To the contrary, the presiding judge must draw[ ] on his own experience and wisdom [in] deciding whether the time spent on each phase was in excess of a reasonable amount." *Metro. Dist. Comm'n*, 847 F.2d at 18 (internal quotation and citations omitted).

[5]Items not discussed were approved as invoiced. Additionally, no hours have been deducted from attorney Saavedra Castro's time. Thus, the analysis focuses only on the time invoiced by attorneys Del Valle Cruz and García Rodón.

[6]The time will be reduced proportionately to the time billed by each attorney. That is, Del Valle Cruz's time will be reduced by 33.5 hours and García Rodón's time by 36.8 hours.

and U.S. Attorney General Eric Holder.  Del Valle Cruz's time will be reduced by two hours and García Rodón's time by eight hours.

- Counsel García Rodón billed four hours for review of "correspondence between Office of the Attorney General and the Secretary of State US Department of Justice- Civil Rights Division."  There is insufficient information for the Court to make a determination as to the reasonableness of this time entry.  Thus, four hours will be deducted from García Rodón's total hours.

- After spending 44.5 hours researching and preparing a brief on the issues on appeal,[7] counsel Del Valle Cruz invoiced an additional 28 hours for time spent studying briefs tendered by appellees and preparing for oral argument and another hour for the designation of the attorney for oral argument.  The Court finds this to be excessive.  Thus, Del Valle Cruz's hours are reduced by 12.5 hours.  Attorney García Rodón billed an additional eight hours for the review of appellees briefs and conference to prepare strategy for oral argument.  The time spent by Del Valle Cruz on this task is duplicative; thus, he will be deducted six hours.

- The record contains entries of time spent by both Del Valle Cruz and García Rodón reviewing and studying other attorneys' filings and Court orders in the captioned-case and finds that most of these entries are excessive and unproductive in light of the substantive nature of the work.
    - Attorney Del Valle Cruz billed a total of six hours for the "[p]reparation of Informative Motion regarding notification of Appeal to each of the defendants" and the drafting of a notice letter for each defendant. Preparation of a standard informative motion that is six sentences

---

[7]The Court did not reduce the time spent researching, preparing and filing the brief for an expedited appeal.

> long, as well as a form letter, does not warrant the time invoiced. The Court deducts four hours from counsel Del Valle Cruz's time. Attorney García Rodón also billed for this same task. This is unnecessary and duplicative and therefore the full hour billed will be deducted.
>
> - Attorney Del Valle Cruz billed two hours for review of the Circuit Court's Order entered on October 3, 2012 designating a date and time for the Oral argument.[8] The Court deducts one hour from Del Valle Cruz's allotted hours for excessiveness.
> - Attorney Del Valle Cruz billed six hours for review of Appellee Edwin Mundo-Rios's Rehearing *en banc* and Emergency Motion to Clarify. The Court will deduct three hours from this billing.

- Plaintiffs' counsel invoiced 16 hours each, or $9,600 each, for preparation for the two day hearing before this Court. Since lead counsel for plaintiffs' during the two day hearing was Charlie Hernández Lopez, the Court will reduce Del Valle Cruz and García Rodón's total hours by 12 hours each.[9]
- Attorney Del Valle Cruz invoiced eight hours and attorney García Rodón four hours for the preparation and filing of a Petition for Rehearing *en banc*. Based on the scant information provided in support of these items the time billed is excessive and duplicative. Therefore, the Court will deduct four hours from Del Valle Cruz's time and two hours from García Rodón's time.
- Most of the entries between November 1 and November 5, 2012 related to the Puerto Rico Supreme Court decision in *Edwin Mundo v. Comisión Estatal de Elecciones, CT-2012-020* (November 3, 2012) consist of block

---

[8] The Circuit Court Order is four sentences long.
[9] All of the in court hours invoiced by attorneys García Rodón and Saavedra Castro for attendance at the two day hearing were awarded.

billing.  "Courts disfavor the use of block billing because it requires decipher[ing] on the judges' part." *Hermida v. Archstone*, 950 F. Supp. 2d 298, 312 (D. Mass. 2013) (internal quotation omitted).  These entries are also deficient due to vagueness.  For example: "Review of First Circuit Order."; "Preparation of response to First Circuit."  Finally, the time spent between November 1 and November 5, 2012 was excessive due to the nature of the tasks.  The attorneys invoiced a total of 48 hours,[10] or $14,400, for filings related to the Supreme Court decision that were ultimately of little assistance in confronting the situation which led to the undersigned's Order to Preserve the Court's Jurisdiction Pursuant to the All Writs Act, 28 U.S.C. § 1651(a) (d.e. 79).  Having considered the nature of the work billed between November 1 and November 5, 2012, the Court implements a 66% reduction from the total billed by each attorney, that is, a deduction of 20.46 hours from counsel Del Valle Cruz's time and 11.22 hours from counsel García Rodón's time.

- On December 13, 2012, counsel Del Valle Cruz and García Rodón billed two hours and one hour, respectively, for time spent reviewing a two page motion to stay, a two page opposition, a two page response to the opposition and minutes of the court which were only three pages long.  It is illogical that it should take counsel Del Valle Cruz twice the time it takes counsel García Rodón to read the same nine pages.  Overlooking the fact that between the caption of the case and the signature blocks these motions are no more than 20 lines long, we do not think it is reasonable for counsel to spend 14 minutes per page and 7 minutes per page.  One and half hours will be deducted from Del Valle Cruz's hours and half an hour will be deducted from García Rodón's hours.

---

[10] Attorney Del Valle-Cruz invoiced 31 hours and attorney García-Rodón invoiced 17 hours on these dates.

- Counsel for plaintiffs invoiced three hours each on December 17, 2012 for a "[c]onference among attorneys to plan course of litigation." There is insufficient information for the Court to make a determination as to the reasonableness of this time entry. Thus, three hours will be deducted from each attorney's total hours.

- Attorney Del Valle Cruz invoiced three hours for the preparation of a Motion for Default Entry against defendants that failed to plead. Attorney García Rodón invoiced an hour for this same endeavor. Del Valle Cruz's time will be reduced by two hours and García Rodón's time by half an hour.

- The attorneys invoiced one hour each for time to review a three paragraph opposition filed by defendant Conty-Perez to plaintiffs' Motion for Default Entry. The time invoiced is excessive and duplicative. Counsel Del Valle Cruz's time will be deducted by half an hour and counsel García Rodón will not be compensated for this time.

- Both attorneys billed .25 hours to review a motion to withdraw. The Court finds this to be duplicative and unproductive. It will deduct .25 hours from counsel García Rodón's time.

- The record reflects that attorney Del Valle Cruz invoiced for work done on 1/08/2013, 3/07/2013, 3/20/2013, 3/21/2013, 5/28/2013, 6/10/2013 and 6/18/2013. Although attorney Del Valle Cruz withdrew sometime in 2013, he did not file a motion to withdraw. It was not until March 26, 2014 that attorney Del Valle Cruz filed a notice of appearance (d.e. 134) stating that he withdrew "in 2013" without any mention of day or month. Considering that this information was omitted and that no formal motion to withdraw was filed by Del Valle Cruz while he worked at the Department of Justice of Puerto Rico, the services invoiced on the dates above are stricken as to

Case 3:12-cv-01749-CCC   Document 194   Filed 03/22/17   Page 16 of 20
CIVIL 12-1749CCC                                                16

attorney Del Valle Cruz.  Accordingly, 9.25 hours will be deducted from his total hours.

- The Court notes that attorney García Rodón invoiced for much of this time as well.  The Court will not deduct from García Rodón's time for duplication of effort.  However, the Court finds as excessive García Rodón's entries on 1/08/2013, 3/21/2013, 6/10/2013, 6/18/2013 and 6/20/2013 and will deduct 3.625 hours from his self-allotted hours.

- Counsel for plaintiffs invoiced one hour each for the review of Partial Judgment and other miscellaneous orders entered by this Court.  The Court will deduct a half hour from each of the attorneys' allotted time.

- Counsel Del Valle Cruz invoiced a total of 10 hours, or $3,000, for the preparation of the Court ordered Joint Stipulation of Facts.  Counsel García Rodón invoiced an additional two hours for the review of the draft of said stipulation.  The Court will deduct three hours from Del Valle Cruz and one and a half hours from García Rodón's total hours.

- Both attorneys invoiced one and a half hours each to review a Motion to Join the Stipulation of Facts and to review a Memorandum in Support of Plaintiffs' Position.  The time invoiced is excessive and unnecessary. Accordingly, each attorney's allotment will be reduced by .9 of an hour.

- Attorney Del Valle Cruz invoiced 24 hours, that is $7,200, on time spent researching and drafting a Memorandum of Law Requesting Declaratory Judgment and Injunctive Relief under the Equal Protection Clause, the First Amendment and HAVA.  Attorney García Rodón invoiced an additional four hours for this same task.  This time is unwarranted in light of that fact that the legal research necessary for this memorandum had previously been conducted and was separately invoiced.  Accordingly, the

Court will reduce Del Valle Cruz's allotted time by 18 hours and García Rodón's time by two hours.

- Del Valle Cruz and García Rodón invoiced six hours and three hours respectively for legal research and preparation of Reply to Response to Motion to Dismiss and the study of Reply to Response to Motion for Declaratory Judgment by defendants.  This is excessive.  Counsel Del Valle Cruz's time will be reduced by four hours and García Rodón's time by two hours.

- Another eight hours, or $2,400, were invoiced by the two attorneys for review of the Court's Declaratory Judgment (d.e. 152), a seven and a half page document, filed on January 30, 2015 and a conference.  Two hours will be deducted from each attorney's total hours.

- The attorneys invoiced another two hours for the review of a notice of appeal, a motion to substitute party and a teleconference.  The time apportioned will be reduced by half, that is, half an hour will be deducted from each attorney's allotted time.

- Counsel Del Valle Cruz's entries on 3/10/2015, 4/15/2015, 4/23/2015, 5/20/2015 and 5/29/2015 are unreasonable.  Accordingly, the Court will deduct four and a half hours from his time.

- Plaintiffs' counsel invoiced four hours, that is, $1,200, for a review of the Court's Entry of Partial Judgment and its Memorandum Opinion Declaring Rights and Granting Equitable Relief filed on June 4, 2015 (d.e. 160).  One hour will be deducted from each of the attorneys' allotment.

- Attorney Del Valle Cruz billed one and half hours for the preparation of a simple status report to the First Circuit.  A review of a three sentence Order by the First Circuit lifting the stay was invoiced at another hour.  The Court will deduct 1.7 hours from Del Valle Cruz's time.

- During the second appeal, a review of Appellant García Veléz's ninety-one page brief on appeal, research of authorities cited by García Veléz, preparation of reply brief and the filing of the reply brief was billed at a total of 80 hours for a claimed $24,000.00.  Additionally, plaintiffs invoiced 24 hours on August 10 and August 11, 2015 to file an Appellate Brief of 71 pages which have been allowed.  We find 80 hours to be excessive for the 14 page reply brief over issues that had been primarily argued at the commencement of the litigation.  Thus, the Court will reduce Del Valle Cruz's time by 49.5 hours and García Rodón's time by 5.5 hours.

- Attorney Cruz Del Valle invoiced 12 hours for legal research on authorities and arguments cited in the briefs filed by NPP Commissioner Jorge Davila and PPD Commissioner San Antonio Acha.  No reply brief was filed.  The time spent on this task was unnecessary.  Thus, the Court will deduct 12 hours from Del Valle Cruz's allotted time.

- Attorney Del Valle Cruz invoiced three hours for a conference with different parties on appeal and to prepare a Joint Motion to Enlarge Time for Oral Argument, and an additional hour and a half to prepare a Motion for Oral Argument.  Three hours will be deducted from the Del Valle Cruz's time for excessiveness.

- Attorney Del Valle Cruz invoiced 16 hours for preparation for oral argument before the First Circuit.  Eight hours will be deducted from his total time.

- A review of the First Circuit Opinion was invoiced by each attorney at three hours, or $900 a piece.  The Court will deduct two hours from each attorney's time.

- Finally, attorney García Rodón's time will be deducted .20 hours for time spent reviewing a two page letter to Appellees addressing a reduction amounts in the Bill of Costs.

### Summary of Reduction of Hours Billed[11]

| Attorney Name | Hours Requested | Hours Discounted | Total Hours Awarded |
|---|---|---|---|
| Del Valle Cruz | | | |
| (In Court) | 0 | 0 | 0 |
| (Out of Court) | 481 | 219.3 | 261.7 |
| García Rodón | | | |
| (In Court) | 22 | 0 | 22 |
| (Out of Court) | 247 | 108 | 139 |
| Saavedra Castro | | | |
| (In Court) | 22 | 0 | 22 |
| (Out of Court) | 4 | 0 | 4 |

### c. Final Lodestar Calculation for Attorneys' Fees

For the foregoing reasons, Plaintiffs' attorneys will be awarded the following:

| Attorney Name | Total Hours Awarded | Hourly Rate Awarded | Total Fees Awarded |
|---|---|---|---|
| *Del Valle Cruz* | | | |
| (In Court) | 0 | $330 | $0 |
| (Out of Court) | 261.7 | $300 | $78,510 |
| **TOTAL** | | | **$78,510** |
| *García Rodón* | | | |
| (In Court) | 22 | $330 | $7,260 |
| (Out of Court) | 139 | $300 | $41,701 |
| **TOTAL** | | | **$48,961** |
| *Saavedra Castro* | | | |
| (In Court) | 22 | $330 | $7,260 |
| (Out of Court) | 4 | $300 | $1,200 |

---

[11]The hours have been rounded to the nearest tenth.

| TOTAL       | $8,460   |
|-------------|----------|
| **GRAND TOTAL** | **$135,931** |

## III.  COSTS

Plaintiff shall file an itemized Bill of Costs addressed to the Clerk of Court for disposition. *See* Fed. R. Civ. P. Rule 54 (d)(1) and Puerto Rico Local Rule 54(b).

## IV.  CONCLUSION

For all the reasons stated above, plaintiffs' Motion for Attorneys' Fees and Costs (**d.e. 174**), as adjusted, is GRANTED.  Attorney Del Valle Cruz is awarded $78,510.00, attorney García Rodón is awarded $48,961.00 and attorney Saavedra Castro is awarded $8,460.00 in attorneys' fees for a **GRAND TOTAL OF $135,931.00**.

SO ORDERED.

At San Juan, Puerto Rico, on March 22, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge